GOVERNMENT OF AMERICAN SAMOA, Plaintiff,
v.
LATU TAUFOOU, Defendant.

High Court of American Samoa
Trial Division

CR No. 68-84

October 3, 1984

Before MURPHY, Associate Justice, Presiding, OLO and TAIMANU, Associate Judges.

Counsel: For plaintiff, Andrea Smith, Assistant Attorney General
For defendant, Martin Yerick, Assistant Public Defender

BACKGROUND

On May 26 defendant, while serving a term of imprisonment for felony at the Tafuna Correctional Facility, escaped. He was captured and returned two days later. At trial defendant testified in his own defense as follows: The prison imposes a religious fast every Wednesday. This is accompanied by chapel attendance and bible study. Defendant did not want to participate. He was told to return to his cell. Later a guard informed him he was to be placed in maximum security and denied visitors and the use of a telephone. He asked to see the warden; this request was refused. Disturbed by the treatment he was receiving he then escaped. One can infer from the testimony that defendant has been a peaceful and cooperative prisoner since his conviction and sentencing in March 1980.

## DISCUSSION

Since defendant's testimony was uncontroverted and believable we accept it as true. Certain of his constitutional rights were violated. The government cannot compel its prisoners to participate in religious observances.

Religious services may be made available, but prisoners cannot be punished for refusing or rewarded for joining in. See U.S. Const. amend. I; Rev. Const. of Am. Samoa, Art. I, sec. 1. Also, administrative punishment cannot be imposed without some semblance of due process. A.S.C.A. sec. 46.2503; Benton v. Maryland (1969) 395 U.S. 784, 23 L. Ed. 2d 707; Bernard v. Te'o (1984) CA No. 18-84. Furthermore, the prisoners are entitled to reasonable access to their legal counsel, U.S. Const., amend. VI, in most cases the public defender.

## DECISION

Having determined that defendant was given the dirty end of the stick we now ask if the defense of necessity obtained. The answer is no. If escape is a remedy for every violation of a prisoner's rights they would need a revolving door instead of a gate at the prison. (As it is, it appears to be a fairly simple task to take French leave from the prison.)

The modern doctrine of the defense of necessity was fashioned by none other than our own Chief Justice Gardner in People v. Lovercamp (1974) 43 Cal. App. 3d 823, 118 Cal. Rptr. 110.

In a scholarly review of cases beginning in 1 Hale P.C. 611 (1736), in which the court found that departure from a burning jail "excuseth the felony," he follwos the somewhat convoluted trail of judicial encounters with penal mismanagement. He concludes with a humane and sensible holding that a limited defense is available under certain circumstances.* The first rule seems to require a specific threat of substantial bodily injury. This element was not present in defendant's case. While we condemn the treatment he received and hereby give the government notice that it must revise or discontinue its religious practices the defendant must stand convicted as charged.

## ORDER

Under the circumstances, since the prisoner has about six more months to serve before he is eligible for parole, imposition of sentence will be suspended. Should defendant peacefully complete his sentence this court would be inclined to dismiss this case without sentencing defendant. Should he, however, fail to conduct himself as a law abiding prisoner (i.e., follow the rules) then, upon motion of the attorney general, sentence will be imposed.

----------
*Justice Gardner announces five essential elements to the defense of necessity:
1. Specific threat of death, sexual attack or substantial bodily injury;
2. No time to complain to authorities or a history of futile complaints;
3. No time or opportunity to resort to the courts;
4. No use of violence in the escape; and
5. A report to proper authority after safety has been attained.